UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ERIC SAYLES,

    Plaintiff,

    v.      CAUSE NO. 3:22-CV-940-JD-JPK

LaPORTE COUNTY JAIL, et al.,

    Defendants.

OPINION AND ORDER

Eric Sayles, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Sayles alleges that he was approved to become a trustee at the LaPorte County Jail and added to the waiting list. ECF 1 at 2. The approval process involved a staff meeting and background check. *Id.* After being approved, Sayles was told there were several individuals above him on the waiting list to become a trustee. *Id.* Sayles' approval was briefly put on hold due to him having an open wound, but it was lifted, and he was told a trustee position awaited him as soon as there was an opening

available. ECF 1-1 at 11. He noticed several others (at least eight) being permitted to serve as trustee ahead of him. *Id.* at 12. On October 5, 2022, Sayles was told in response to a pre-grievance request that he was still on the list and that they were waiting for openings. *Id.* at 16. Sayles had not been appointed to the trustee position by the time he filed this complaint in early November 2022. ECF 1 at 2. He attributes this to his HIV-positive status, and he is suing for discrimination. *Id.* at 2-3.

Anytime the government treats one group of people differently than another group, the Equal Protection Clause of the Fourteenth Amendment is implicated. *See Ostrowski v. Lake Cnty.*, 33 F.4th 960, 966 (7th Cir. 2022). But unless the classification is based on a protected class, such as race or sex, such discrimination is permitted by the State as long as it is not irrational or used for an illegitimate reason. *Stevens v. Illinois Dept. of Transp.* 210 F.3d 732, 737-738 (7th Cir. 2000). HIV-positive people do not make up a protected class, and therefore classification based on HIV status is subject to rational basis review. *See Anderson v. Romero*, 72 F.3d 518, 526-27 (7th Cir. 1995); *Mofield v. Bell*, 3 F. App'x 441, 443 (6th Cir. 2001) ("HIV-infected inmates do not constitute a suspect class that is entitled to special consideration under the Equal Protection Clause."); *see also Ostrowski v. Lake County*, 33 F.4th 960, 966 (7th Cir. 2022) (classifications based on disability are subject to rational basis review). "[P]rison administrators may treat inmates differently as long as the unequal treatment is rationally related to a legitimate penological interest. Prison classifications are presumed to be rational and will be upheld if any justification for them can be conceived." *See Flynn v. Thatcher*, 819 F.3d 990, 991 (7th Cir. 2016).

2

Sayles does not explain in his complaint why it is irrational to prevent him from being a trustee because he is HIV positive, nor does he explain what a trustee does at the jail. Other circuits have held that identifying and segregating prisoners with HIV "obviously serves a legitimate penological interest." *Moore v. Mabus*, 976 F.2d 268, 271 (5th Cir. 1992); *see Harris v. Thigpen* 941 F.2d 1495, 1517 (11th Cir. 1992) (mass screening and segregation of HIV-infected inmates was not "so remotely connected to the legitimate goals of reducing HIV transmission . . . as to render the policy arbitrary or irrational"). This suggests that the discrimination here is rational. But given the advancements in the treatment of HIV since these decisions, Sayles will be given the opportunity to file an amended complaint explaining why excluding him from the trustee position because of his HIV status is not rationally related to a legitimate state interest.

The court also considers whether Sayles has stated a claim under the Americans with Disabilities Act (ADA) or the Rehabilitation Act. Title II of the Americans with Disabilities Act applies if Sayles is a "qualified individual with a disability" who was "denied the benefits of the services, programs, or activities" from the jail or prison "by reason of such disability." 42 U.S.C. § 12132. The Rehabilitation Act similarly provides that no "qualified individual with a disability" may "be denied the benefits of . . . any program" "solely by reason of her or his disability." 29 U.S.C. § 794(a). "Under the Rehabilitation Act, a program includes all of the operations of the jail or prison. And Title II of the ADA applies to anything a public entity does." *Shaw v. Kemper*, 52 F.4th 331, 334 (7th Cir. 2022) (quotation marks and citations omitted). For all practical

3

purposes here, the two statutes are the same. See *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671-72 (7th Cir. 2012).

HIV-positive status does not automatically qualify as a disability for the purposes of the ADA or Rehabilitation Act. *See EEOC v. Lee's Log Cabin, Inc.*, 546 F.3d 438 (7th Cir. 2008). Instead, a petitioner alleging discrimination on the basis of a disability must prove that as "an individual," he or she has a "physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1). Major life activities include, but are not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, communicating, and working." 42 U.S.C. §12102(2). The complaint does not describe any physical or mental impairment that Sayles experiences as a result of his HIV status. It further does not link his HIV status to substantial limitations of one or more major life activities. As a result, the complaint does not plausibly allege that Sayles is a "qualified person with a disability," as is required by statute.

In addition, the complaint does not establish a basis for Sayles to recover monetary damages for a violation of the ADA or Rehabilitation Act. "To recover damages, [he] must identify intentional conduct (and not mere negligence) by a named defendant. [He must] plausibly allege that the defendants acted with deliberate indifference to rights conferred by the ADA and Rehabilitation Act." *Shaw v. Kemper*, 52 F.4th 331, 334 (7th Cir. 2022). Deliberate indifference is a two-part standard requiring "both (1) knowledge that a harm to a federally protected right is substantially likely,

and (2) a failure to act upon that likelihood." *Lacy v. Cook County, Illinois* 867 F.3d 847 at 863 (7th Cir. 2018) (quotation marks and citation omitted). Deliberate indifference is "directed to the *defendants'* state of mind;" the plaintiff must prove "indifference that is a deliberate choice by defendants." *Lange v. City of Oconto* 28 F.4th 825 (7th Cir. 2022). There is no basis in the complaint, apart from Sayles' position on the waitlist, to indicate why Sayles was not permitted to assume the role of jail trustee or who was responsible for that decision.

This complaint does not state a claim for which relief can be granted. If Sayles believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Eric Sayles until **May 26, 2023**, to file an amended complaint; and

(2) CAUTIONS Eric Sayles if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

5

SO ORDERED on April 24, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

6