UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ERIC SAYLES,

    Plaintiff,

    v.   CAUSE NO. 3:22-CV-940-JD-JPK

LaPORTE COUNTY JAIL, et al.,

    Defendants.

OPINION AND ORDER

Eric Sayles, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Sayles alleges that he was approved to become a trustee at the LaPorte County Jail and added to the waiting list. ECF 1 at 2. The approval process involved a staff meeting and background check. *Id.* After being approved, Sayles was told there were several individuals above him on the waiting list to become trustee. *Id.* Sayles' approval was briefly put on hold due to him having an open wound, but it was lifted, and he was told a trustee position awaited him as soon as there was an opening available. ECF 1-1

at 11. He noticed several others (at least eight) being permitted to serve as trustee ahead of him. *Id.* at 12. On October 5, 2022, Sayles was told in response to a pre-grievance request that he was still on the list and that they were waiting for openings. *Id.* at 16. Sayles had not been appointed to the trustee position by the time he filed this complaint in early November 2022. ECF 1 at 2. He attributes this to his HIV-positive status, and he is suing for discrimination. *Id.* at 2-3.

Anytime the government treats one group of people differently than another group, the Equal Protection Clause of the Fourteenth Amendment is implicated. *See Ostrowski v. Lake Cnty.*, 33 F.4th 960, 966 (7th Cir. 2022). But unless the classification is based on a protected class, such as race or sex, such discrimination is permitted by the State as long as it is not irrational or used for an illegitimate reason. *Stevens v. Illinois Dept. of Transp.* 210 F.3d 732, 737-738 (7th Cir. 2000). HIV-positive people do not make up a protected class, and therefore classification based on HIV status is subject to rational basis review. *See Anderson v. Romero*, 72 F.3d 518, 526-27 (7th Cir. 1995); *Mofield v. Bell*, 3 F. App'x 441, 443 (6th Cir. 2001) ("HIV-infected inmates do not constitute a suspect class that is entitled to special consideration under the Equal Protection Clause."); *see also Ostrowski v. Lake County*, 33 F.4th 960, 966 (7th Cir. 2022) (classifications based on disability are subject to rational basis review). "[P]rison administrators may treat inmates differently as long as the unequal treatment is rationally related to a legitimate penological interest. Prison classifications are presumed to be rational and will be upheld if any justification for them can be conceived." *See Flynn v. Thatcher*, 819 F.3d 990, 991 (7th Cir. 2016).

2

Sayles does not explain in his complaint why it is irrational to prevent him from being a trustee because he is HIV positive, nor does he explain what a trustee does at the jail. Other circuits have held that identifying and segregating prisoners with HIV "obviously serves a legitimate penological interest." *Moore v. Mabus*, 976 F.2d 268, 271 (5th Cir. 1992); *see Harris v. Thigpen* 941 F.2d 1495, 1517 (11th Cir. 1992) (mass screening and segregation of HIV-infected inmates was not "so remotely connected to the legitimate goals of reducing HIV transmission . . . as to render the policy arbitrary or irrational"). This suggests that the discrimination here is rational. But given the advancements in the treatment of HIV since these decisions, Sayles will be given the opportunity to file an amended complaint explaining why excluding him from the trustee position because of his HIV status is not rationally related to a legitimate state interest.

The court also considers whether Sayles has stated a claim under the Americans with Disabilities Act (ADA) or the Rehabilitation Act. Title II of the Americans with Disabilities Act applies if Sayles is a "qualified individual with a disability" who was "denied the benefits of the services, programs, or activities" from the jail or prison "by reason of such disability." 42 U.S.C. § 12132. The Rehabilitation Act similarly provides that no "qualified individual with a disability" may "be denied the benefits of . . . any program" "solely by reason of her or his disability." 29 U.S.C. § 794(a). "Under the Rehabilitation Act, a program includes all of the operations of the jail or prison. And Title II of the ADA applies to anything a public entity does." *Shaw v. Kemper*, 52 F.4th 331, 334 (7th Cir. 2022) (quotation marks and citations omitted). For all practical

3

purposes here, the two statutes are the same. See *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671-72 (7th Cir. 2012).

As relevant here, a disability is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1). The Seventh Circuit has previously held that HIV-positive status does not automatically qualify as a disability for the purposes of the ADA or Rehabilitation Act. *See EEOC v. Lee's Log Cabin, Inc.*, 546 F.3d 438 (7th Cir. 2008). But that was before the ADA Amendments Act of 2008 (ADAAA), Pub.L. No. 110-325, 122 Stat 3553 (2008). The ADAAA was enacted to broaden the scope of protection under the ADA after Congress disagreed with how the Supreme Court narrowed its application. *Id.* To that end, the ADAAA defined the previously undefined "major life activities" to include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working," and also specified that "a major life activity also includes the operation of a major bodily function, including but not limited to, *functions of the immune system*, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions." *Id.* (emphasis added). Thus, at the pleading stage, the court concludes that Sayles' HIV-positive status qualifies him as being disabled under the ADA based on an impairment of his immune system. *See Horgan v. Simmons*, 704 F. Supp. 2d 814, 818-20 (N.D. Ill. 2010) (discussing the effect of the ADAAA on whether being HIV positive qualifies as a disability and

4

noting "the EEOC's proposed regulations to implement the ADAAA . . . lists HIV as an impairment that will consistently meet the definition of disability").

Moreover, the court concludes at the pleading stage that Sayles is a "qualified individual," which is defined as "an individual with a disability who, with or without reasonable modifications . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 13131(2); *Lacy*, 897 F.3d at 852 n.1 (noting the "elements of claims under [the ADA and the Rehabilitation Act] are nearly identical"). The complaint is silent on what the trustee programs entails or whether Sayles would need any modifications in order to participate in the program. But given that he alleges that he was approved to become a trustee, the court assumes he is a qualified individual.

However, the complaint as written cannot proceed because Sayles seeks only monetary damages but does not allege a basis to recover damages under the ADA or the Rehabilitation Act. "To recover damages, [he] must identify intentional conduct (and not mere negligence) by a named defendant. [He must] plausibly allege that the defendants acted with deliberate indifference to rights conferred by the ADA and Rehabilitation Act." *Shaw v. Kemper*, 52 F.4th 331, 334 (7th Cir. 2022). Deliberate indifference is a two-part standard requiring "both (1) knowledge that a harm to a federally protected right is substantially likely, and (2) a failure to act upon that likelihood." *Lacy v. Cook County, Illinois*, 867 F.3d 847 at 863 (7th Cir. 2018) (quotation marks and citation omitted). Deliberate indifference is "directed to the *defendants'* state of mind;" the plaintiff must prove "indifference that is a deliberate choice by

5

defendants." *Lange v. City of Oconto*, 28 F.4th 825 (7th Cir. 2022). It is unclear from the complaint who was responsible for assigning people to the trustee position, whether that person would have known that Sayles was HIV positive, or why Sayles believed the reason he did not become a trustee was because of his HIV status.

Therefore, this complaint does not state a claim for which relief can be granted. If Sayles believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Eric Sayles until **August 28, 2023**, to file an amended complaint; and

(2) CAUTIONS Eric Sayles if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on May 16, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT